UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRYAN BRASWELL, a married person but filing in his individual capacity,<br><br>Plaintiff,<br><br>v.<br><br>SHORELINE FIRE DEPARTMENT, formerly known as KING COUNTY FIRE DISTRICT NO. 4; and GARY SOMERS,<br><br>Defendants. | CASE NO. C08-924-RSM<br><br>ORDER ON MOTIONS |

## I. INTRODUCTION

This matter comes before the Court upon Defendant Shoreline Fire Department's Motion to Strike Plaintiff's Expert Merlin Halverson (Dkt. # 183) and Defendant Gary Somers' Motion in Limine to Exclude the Expert Opinion of Merlin Halverson (Dkt. # 184). For the reasons set forth below, both motions are DENIED.

## II. DISCUSSION

### A. Background

This case is before the Court on remand from the Ninth Circuit to address the sole issue of whether Plaintiff, Mr. Braswell, suffered a deprivation of his liberty interest in pursuing a paramedic career when he lost his position with the Shoreline Fire Department. The parties filed a Combined Joint Status Report on January 26, 2011. *See* Dkt. # 163. On May 31, 2011, Mr. Braswell disclosed Mr. Merlin Halverson as an expert witness and provided Defendants with a copy of his report. Dkt. # 168.

Mr. Halverson is a Fire Chief in Snohomish County Fire District Five and has worked in the fire service for 39 years. The question presented to Mr. Halverson and answered in his report is: "Is it likely that Bryan Braswell would be employed as a paramedic in a District or Department other than Shoreline should he apply to do so?". Dkt. # 186-2. Defendants now seek to exclude Mr. Halverson as an expert witness on two separate bases.

### B. Motion to Strike

Defendant Shoreline Fire Department ("Shoreline") moves to strike Plaintiff's expert, Mr. Halverson, under Fed. R. Civ. P. 26(a)(2). Rule 26(a)(2) provides that the times and sequence of expert disclosures may be made pursuant to a stipulation of the parties. Shoreline argues that the parties stipulated in January 2011 when they filed their Joint Status Report ("JSR") that "all expert witnesses have been previously disclosed" and that "most, if not all, discovery has been completed." Dkt. # 176, p. 3. Further, Shoreline argues that it will be placed at a disadvantage if the Court does not exclude Mr. Halverson because it has refrained from retaining additional experts, based on its understanding that additional experts would not be

disclosed. It asks the Court to extend the discovery cut-off to allow Mr. Halverson to be deposed if its motion is not granted.

Even a cursory reading of the JSR reveals that there was no agreement that additional experts would not be disclosed. Granted, there is a line in the Joint Status Report providing that "[t]he parties agree that all expert witnesses have previously been disclosed." Dkt. # 176 p. 3. However, the following paragraph states that, "Plaintiff reserves the right to identify and disclose additional expert or lay witnesses as may be necessary." *Id.* at p. 4. Further on down the same page, the JSR provides that, "To the extent that there becomes a need for additional experts or there is any outstanding document discovery, plaintiff reserves the right to pursue it." *Id.* The Court finds that Plaintiff did not violate the terms of the JSR by disclosing Mr. Halverson as an expert witness. The Court will not strike Mr. Halverson on this basis. As to the issue of prejudice to Shoreline, to the extent that Shoreline interpreted the JSR as precluding Plaintiff from identifying additional expert witnesses, and relied on this understanding in not disclosing additional expert witnesses of its own, this understanding was unreasonable. With respect to the issue of deposing Mr. Halverson, the parties have since stipulated that depositions of those experts that have submitted new reports will be noted after new counsel for Mr. Braswell appears. *See* Dkt. # 193, p. 2. Accordingly, Shoreline's Motion to Strike is DENIED.

**C. Motion to Exclude**

Defendant Dr. Gary Somers moves to exclude the testimony of Mr. Halverson on the basis that Mr. Halverson is (1) not qualified to offer expert testimony on Mr. Braswell's potential vocational opportunities; (2) Mr. Halverson's testimony is not based on facts or data, nor reliable principles and methods; and (3) the testimony is intended to instruct the jury's decision on the ultimate issue in the case.

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The trial court must act as a "gatekeeper" to ensure that proffered expert testimony is both relevant and reliable. *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Relevance means that the evidence will assist the trier of fact to understand or determine a fact in issue. *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007); *see* Fed. R. Evid. 702. Reliability is judged based on a flexible inquiry. *Kumho*, 526 U.S. at 150 (citing *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 594 (1993)). Where expert testimony is based on "technical" or "other specialized knowledge" rather than science, the Court must ensure that it "rests on a reliable foundation and is relevant to the task at hand." *United States v. Hermanek*, 289 F.3d 1076, 1093 (9th Cir. 2002) (quoting *Daubert*, 509 U.S. at 597). The gatekeeping function serves to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho*, 526 U.S. at 152. However, "in considering the admissibility of testimony based on some 'other specialized knowledge,' Rule 702 generally is construed liberally." *U.S. v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000).

While the district court has flexibility in determining how it assesses the admissibility of expert testimony, the Ninth Circuit in *Hankey* laid out six factors on which "admissibility of expert opinion testimony generally turns":

> (1) Whether the opinion is based on scientific, technical, or other specialized knowledge;
>
> (2) Whether the expert's opinion would assist the trier of fact in understanding the evidence or determining a fact in issue;

|   |   |
|---|---|
| 1 | (3) Whether the expert has appropriate qualifications-i.e., some special knowledge, skill, experience, training or education on that subject matter. FRE 702; *Jones v. Lincoln Elec. Co.,* 188 F.3d 709 (7th Cir.1999); *see Wilson v. Woods,* 163 F.3d 935 (5th Cir.1999) (expert in fire reconstruction unqualified as expert in auto accident reconstruction). |
| 2 | |
| 3 | |
| 4 | (4) Whether the testimony is relevant and reliable. *Unisys Sav. Plan Litig.,* 173 F.3d 145, 155 (3rd Cir.1999); *Kumho Tire,* 119 S.Ct. at 1174–75. |
| 5 | |
| 6 | (5) Whether the methodology or technique the expert uses "fits" the conclusions (the expert's credibility is for the jury). *See Joiner,* 118 S.Ct. at 522. |
| 7 | (6) Whether its probative value is substantially outweighed by the risk of unfair prejudice, confusion of issues, or undue consumption of time. FRE 403; *United States v. Chischilly,* 30 F.3d 1144, 1156 (9th Cir.1994). |
| 8 | |

*Hankey,* 203 F.3d at 1168.

Here, the Court finds Mr. Halverson's expert testimony is based on over 39 years of fire service experience, in which time he interviewed many candidates for different positions, including paramedics; 23 years as a member of the Executive Board of the Washington State Council of Firefighters; and 30 years as a Representative of the International Association of Firefighters. Mr. Halverson's experience imbues him with specialized knowledge regarding the process for hiring firefighters in the fire district in which he served. He is qualified to render an opinion on the likelihood that Mr. Braswell would be hired in one of the districts in which he has hiring experience. In addition, the knowledge Mr. Halverson has gained from 39 years of fire service experience also qualifies him to render an opinion about the likelihood that Mr. Braswell would be hired by other districts. Dr. Somers may explore the basis for that opinion on cross examination. The credibility of Mr. Halverson will be for the jury to decide. However, the Court finds that Mr. Halverson has sufficient specialized knowledge to qualify as an expert witness.

As to relevance and helpfulness to the jury, the Court finds that Mr. Halverson has knowledge and experience concerning matters that the jurors do not: namely, what qualifies an

applicant to be hired as a paramedic, and how a person hiring paramedic applicants, such as himself and such as those with whom he has come in contact over his long career, might view the revocation of Mr. Braswell's permission to work as a paramedic in Shoreline. Further the relevance of Mr. Halverson's testimony is not outweighed by any prejudice. To the extent that having a fire chief render an opinion regarding a factual question that is central to Mr. Braswell's case constitutes prejudice, the prejudice is minimal, and can be remedied by expert testimony proffered by Defendants.

Further, Mr. Halverson's methodology "fits" the testimony he intends to offer. Using experience garnered from several years working in a particular field of employment to identify patterns in hiring practices in that field, and then applying those patterns to new fact scenarios to predict the likelihood of a particular outcome, is method of analysis that "fits" testimony regarding the employability of an individual in that field. *See* Dkt. # 186-2, p. 2 ("The service generally holds to the idea that the best predictor of future performance is past performance," and, "It is highly unlikely Bryan Braswell will be hired or accepted into another Fire Department or Fire District as a paramedic.")

Finally, as the Ninth Circuit articulated in *Elsayed Mukhtar v. California State University, Hayward* :

> It is well-established … that expert testimony concerning an ultimate issue is not per se improper. *E.g., Shad v. Dean Witter Reynolds, Inc.,* 799 F.2d 525, 529 (9th Cir.1986). Indeed, Federal Rule of Evidence 704(a) provides that expert testimony that is "otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." However, an expert witness cannot give an opinion as to her *legal conclusion, i.e.,* an opinion on an ultimate issue of law. *E.g., McHugh v. United Serv. Auto. Ass'n,* 164 F.3d 451, 454 (9th Cir.1999); *United States v. Duncan,* 42 F.3d 97, 101 (2d Cir.1994) ("When an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.") (emphasis in original).

Here, Plaintiff seeks to have Mr. Halverson testify as to the likelihood that he will be hired into another Fire Department or Fire District as a paramedic. This is not a legal conclusion – it is an opinion regarding a factual issue. The Ninth Circuit stated in its opinion on this case: "To establish a violation of such a liberty interest, Plaintiff must show that his dismissal 'destroyed [his] freedom to take advantage of other employment opportunities' and that, because of the dismissal, it is 'virtually impossible for [him] to find employment in his chosen field." Dkt. 53-1. Thus, the factual question on which Mr. Halverson intends to render an opinion is paramount to the legal question of whether Mr. Braswell's dismissal was a violation of his liberty interest. However, Mr. Halverson does not offer any testimony about what constitutes a violation of Mr. Braswell's liberty interest. As such, the testimony does not invade the province of the jury. Dr. Somers' Motion in Limine (Dkt. # 184) is DENIED.

## III. CONCLUSION

The Court, having read the motions, responses, and replies thereto, all declarations and attached exhibits, and the remainder of the record, and for all of the reasons set forth above, hereby finds and ORDERS:

(1) Defendant Shoreline's Motion to Strike (Dkt. # 183) is DENIED.

(2) Defendant Dr. Somers' Motion in Limine (Dkt. # 184) is DENIED.

(3) The Clerk of the Court is directed to forward a copy of this Order to all counsel of record.

Dated October 5, 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE